UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHN HICKSON,                              )
                    Plaintiff             )
                                          )
v.                                        )       C.A. NO. 14-40069-TSH
                                          )
CITY OF WORCESTER, a municipal            )
Corporation, WORCESTER CITY               )
MANAGER MICHAEL V. O'BRIEN,               )
WORCESTER CHIEF OF POLICE GARY            )
J. GEMME, P.O. JENSEN MARTINEZ,           )
P.O. STEVEN G. PIGNATARO, P.O.            )
MATTHEW TIVNAN, P.O. MICHAEL              )
SULLIVAN, P.O. JOSEPH FRANCESE,           )
P.O. JAMES KELLEY, P.O. JOHN DOE,         )
                    Defendants            )

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now come the Defendants, City of Worcester (City), Michael V. O'Brien, Gary J. Gemme, Jensen Martinez, Steven Pignataro, Matthew Tivnan, Michael Sullivan, Joseph Francese and James Kelley (collectively, Defendants), and hereby move this Court, pursuant to Fed. R. Civ. P. Rule 56(b), to grant partial summary judgment as to Counts I, V, VI, VII, VIII of Plaintiffs' Amended Complaint (Doc. 13, the operative pleadings) in favor of Defendants Kelley and Tivnan; Count II of Plaintiff's Amended Complaint in favor of Defendants Gemme, O'Brien and City; Counts IV, V and VIII of Plaintiff's Amended Complaint in favor of Defendants Francese and Pignataro; and Counts V and VIII in favor of Defendants Martinez and Sullivan.

As grounds for Defendants motion for partial summary judgment, Defendants state the following:

First, Plaintiff has no reasonable expectation of proving Count I (excessive force), Count VI (assault and battery) and Count VII (MCRA) against Defendants Kelley and Tivnan where

neither Defendant police officer had any physical contact with the Plaintiff on the date of his arrest, May 21, 2011.  Accordingly, summary judgment should enter for Defendants Kelley and Tivnan as to Count I, VI and VII in Plaintiff's Amended Complaint.

Second, Plaintiff has not pled a sufficient claim, nor does he have a reasonable expectation of proving Count II, the supervisory claim against O'Brien, Gemme and the City, pursuant to 42 U.S.C. § 1983.  Plaintiff does not state a substantive right that forms the basis for his § 1983 claim, and the statute is not a stand-alone vehicle for a cause of action for constitutional violations.  Further, Plaintiff does not allege, and cannot prove, that there is evidence of misconduct or discipline, prior to his May 21, 2011 arrest, on the part of Defendant police officers.  General allegations of misconduct on the part of the Worcester Police will not suffice to establish the requisite causal link for supervisory liability.  Therefore, Plaintiff's supervisory claim fails as a matter of law.

Third, Plaintiff cannot maintain a cause of action for malicious prosecution, either under the Fourth Amendment or in state common law, in Count IV against Defendants Francese and Pignataro, as the criminal proceedings instituted against the Plaintiff did not terminate in his favor as he pled guilty to disorderly conduct.  Moreover Plaintiff has no reasonable expectation of proving that he suffered from a post-arraignment deprivation of liberty. Thus, summary judgment should enter for Defendants Francese and Pignataro as to the malicious prosecution claim in Count IV of Plaintiff's Amended Complaint.

Fourth, Plaintiff cannot maintain Count V, conspiracy, with insufficient allegations to show an agreement between the officers to commit an unlawful act, and his claim is unnecessarily redundant of the underlying tort allegations.  Further, the conspiracy allegations are rooted in the alleged filing of false police reports, which, as a matter of law, is not sufficient to support a civil rights violation.  Thus, summary judgment should enter for all the individual Defendants as to the conspiracy claim in Count V of Plaintiff's Amended Complaint.

Lastly, Plaintiff has no reasonable expectation of meeting the essential elements of his intentional infliction of emotional distress claim in Count VIII of Plaintiff's Amended Complaint where there is an utter dearth of evidence to substantiate any genuine emotional distress suffered by Plaintiff as a result of his arrest on May 21, 2011.

Defendants rely upon and incorporate their memorandum of law, filed herewith.

WHEREFORE, Defendants James Kelley and Matthew Tivnan move this Court for summary judgment as to Counts I, V, VI, VII and VII (all of the Counts asserted against them); Defendants Gary Gemme, Michael V. O'Brien and the City of Worcester move this Court for summary judgment as to Count II; Defendants Francese and Pignataro move this Court for summary judgment as to Counts IV, V and VIII; and Defendants Martinez and Sullivan move this Court for summary judgment as to Counts V and VIII.

CITY OF WORCESTER, MICHAEL
V. O'BRIEN, GARY J. GEMME
JENSEN MARTINEZ, STEVEN G.
PIGNATARO, MATTHEW TIVNAN
MICHAEL SULLIVAN, JOSEPH
FRANCESE & JAMES KELLEY

By their attorneys,
David M. Moore
City Solicitor


*/s/ Kevin M. Gould*
Kevin M. Gould (BBO #661545)
Wendy L. Quinn (BBO #653954)
Assistant City Solicitors
City Hall, Room 301
455 Main Street,
Worcester, MA 01608
(508) 799-1161
gouldk@worcesterma.gov
quinnwl@worcesterma.gov


## CERTIFICATE OF LOCAL RULE 7.1 CONFERENCE

I, the undersigned, hereby certify that I conferred with Plaintiffs' counsel in a good faith attempt to resolve or narrow the issues presented by this Motion which resulted in the dismissal of any claims in Count I other than claims of excessive force and the claim of false arrest in Count III in Plaintiff's Amended Complaint (Doc. 49), but no further agreement was reached.

*/s/ Kevin M. Gould*
Kevin M. Gould
Assistant City Solicitor


## CERTIFICATE OF SERVICE

I, Kevin M. Gould, hereby certify that on this 10th day of February, 2017, I served the within Defendants' Motion for Partial Summary Judgment, upon Plaintiff by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

*/s/ Kevin M. Gould*
Kevin M. Gould
Assistant City Solicitor