UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HICKSON,                           )<br>    Plaintiff     )<br>                                                     )<br>v.                                                  )<br>                                                     )<br>CITY OF WORCESTER, a municipal )<br>Corporation, WORCESTER CITY    )<br>MANAGER MICHAEL V. O'BRIEN, )<br>WORCESTER CHIEF OF POLICE GARY )<br>J. GEMME, P.O. JENSEN MARTINEZ, )<br>P.O. STEVEN G. PIGNATARO,          )<br>P.O. MICHAEL SULLIVAN, and       )<br>P.O. JOSEPH FRANCESE,               )<br>    Defendants   )  | C.A. NO. 14-40069-TSH |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE
OF CIVILIAN COMPLAINTS, INTERNAL INVESTIGATIONS AND/OR LAWSUITS**

  Defendants, Police Officers Joseph Francese, Jensen Martinez, Stephen Pignataro and Michael Sullivan, hereby move this Court for a specific order to preclude all evidence, whether testimonial or documentary, as to civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits filed against Defendants, or any other Worcester police officer, not related to the May 21, 2011 incident involving Plaintiff, which is the subject of the first phase of the bifurcated trial.

  Plaintiff's Complaint asserts a Monell claim (Count II) against the City of Worcester and its policymakers pursuant to 42 U.S.C. § 1983 and a "negligent supervision" claim against the City of Worcester pursuant to G. L. c. 258 (Count IX); however, on September 2, 2016, these claims were bifurcated by an order of this Court. (Document No. 41.)  Thus, any civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits related to alleged excessive force or police misconduct against the City of Worcester, or the

involved police officers, including, but not limited to, Chief Gary Gemme, Officers Jensen Martinez, Steven Pignataro, Joseph Francese and Michael Sullivan, not arising out of the May 21, 2011 incident that forms the basis for Plaintiff's Complaint would not be relevant and would be highly prejudicial to the Defendants in the first phase of the trial, starting June 26, 2017, regarding the alleged excessive force involving Plaintiff, and, therefore, should be precluded from trial in this matter.

Defendants further state that such evidence, civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits, cannot be used to attempt to establish prior bad acts of the Defendant police officers during the first phase of trial.  Pursuant to Fed. R. Evid. 404(b), "[e]vidence of other crimes, wrongs or acts is not admissible to prove character of a person in order to show action in conformity therewith."  The First Circuit analyzes issues raised under Rule 404(b) by asking whether the evidence is offered for a legitimate purpose, and if so, whether considerations of substantial prejudice require it to be excluded under Fed. R. Evid. 403. United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989).  Internal affairs records may not be used to impeach an individual officer as prior bad act evidence.  See Fed. R. Evid. 404, 608; DiRico v. Quincy, 404 F.3d 464, 467-8 (1st Cir. 2005); Ruffin v. City of Boston, No. 03-2102, 2005 WL2116371, at *5 (D. Mass. Sept. 2, 2005); Tigges v. Catalado, 611 F.2d 936 (1st Cir. 1979) (Plaintiff not entitled to show by extrinsic evidence that police officer was disciplined; "evidence of other, unrelated episodes [of discipline] was material only in the impermissible sense of showing a bad character from which to infer a propensity to commit the alleged wrong.")  This is in part because the fact that someone lodges a complaint does not mean the complaint itself has any merit, and it cannot be used as evidence of misconduct.  See Kinan v. City of Brockton, 876 F.2d 1029 (1st Cir. 1989).  Thus, Plaintiff should be prohibited from

allowing evidence of complaints or lawsuits against the Defendants, or any other Worcester police officer, since its prejudicial impact substantially outweighs any probative value. It is within this Court's discretion to so determine. <u>Bordanaro v. McLeod</u>, 871 F.2d 1151, 1166 (1st Cir. 1989)(citations omitted).

WHEREFORE, the Defendants move this Court to preclude all evidence, whether testimonial or documentary, as to civilian complaints, internal affairs/bureau of professional standards investigations and/or lawsuits, other than that concerning the alleged May 21, 2011 incident involving the Plaintiff.

JOSEPH FRANCESE
JENSEN MARTINEZ
STEPHEN PIGNATARO
MICHAEL SULLIVAN

By their attorneys,
David M. Moore,
City Solicitor

*/s/ Wendy L. Quinn*
Wendy L. Quinn (BBO# 653954)
Kevin M. Gould (BBO #661545)
Assistant City Solicitors
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161
quinnwl@worcesterma.gov
gouldk@worcesterma.gov

### CERTIFICATE OF SERVICE

I, Wendy L. Quinn, hereby certify that, on this 9th day of June, 2017, the within Defendants' Motion in Limine to Preclude Reference of Civilian Complaints, Internal Investigations and/or Lawsuits was served upon all counsel of record through this Court's electronic filing system as identified on the Notice of Electronic Filing.

*/s/ Wendy L. Quinn*
Wendy L. Quinn
Assistant City Solicitor